UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAQUITA DIXON,

                          Plaintiff,

        v.

EXPERIAN INFORMATION
SOLUTIONS INC.,

                   Defendant
_____

**DECISION AND ORDER**

6:25-CV-6323 MAV CDH

## BACKGROUND

Plaintiff Shaquita Dixon ("Plaintiff") asserts claims against defendant Experian Information Solutions Inc. ("Defendant") pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.* (the "FCRA"). (Dkt. 8). In particular, Plaintiff alleges that Defendant has violated its "obligation as a Consumer Reporting Agency to assure maximum possible accuracy of the information concerning Plaintiff" and "[f]ail[ed] to delete inaccurate personal information in Plaintiff's consumer report or credit file after receiving actual notice of such inaccuracies[.]" (*Id.* at ¶¶ 57, 62). This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 11).

Plaintiff commenced this action on May 9, 2025, by filing a verified complaint in New York State Supreme Court, Monroe County. (Dkt. 1-1). Defendant removed the action to this Court on June 18, 2025. (Dkt. 1). The operative pleading is Plaintiff's amended complaint, filed on July 23, 2025. (Dkt. 8). On August 6, 2025, Defendant

filed an answer to Plaintiff's amended complaint asserting as its fourth affirmative defense that "Plaintiff's claims may be the subject of an arbitration agreement" between the parties. (Dkt. 10 at 10).

On August 21, 2025, Plaintiff filed the instant motion "to compel arbitration and remove the present case from . . . the Western District of New York, pursuant to the Federal Arbitration Act and in accordance with the contractual agreement between Plaintiff and Defendant." (Dkt. 12 at 1). Plaintiff attached to her motion a copy of the parties' arbitration agreement. (*Id.* at 7-9). Defendant did not file a response to Plaintiff's motion, and the deadline for doing so has passed. (*See* Dkt. 13).

On October 23, 2025, Plaintiff filed a notice reporting that she already "initiated arbitration proceedings before the American Arbitration Association (AAA), under Case Number: 012500050541[.]" (Dkt. 15 at ¶ 2) (emphasis omitted). On October 24, 2025, Plaintiff filed another notice advising the Court that despite receiving "a copy of a Joint Stipulation of Dismissal Without Prejudice filed by Defendant," she "at no time executed or approved any document indicating agreement to dismiss this case[.]" (Dkt. 16 at 1 (quotation omitted)). Plaintiff further made a cursory request for "summary judgment in her favor," based on "Defendant's ongoing failure to address the issues raised in Plaintiff's filings." (*Id.* at 2). Included with Plaintiff's October 24, 2025 notice is a proposed Joint Stipulation of Dismissal Without Prejudice and of Agreement to Arbitrate (the "Proposed Joint Stipulation"), dated July 24, 2025, that appears to have been prepared by Defendant. (Dkt. 16-1). The Proposed Joint Stipulation reports that the parties "agree to arbitrate Plaintiff's

claims against Defendant at American Arbitration Association Case Number 01-25-0005-0541[.]" (Dkt. 16-1 at ¶ 1).

## DISCUSSION

### I.    Plaintiff's Motion to Compel Arbitration[1]

Pursuant to the Federal Arbitration Act (the "FAA"), an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When deciding a motion to compel arbitration, courts "apply a standard similar to that applicable for a motion for summary judgment," meaning they "consider[] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits" and "draw[] all reasonable inferences in favor of the non-moving party." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (quotations and original alterations omitted).

"To determine whether to compel arbitration, courts perform a two-step inquiry that looks at contract principles 'governed by state rather than federal law.'" *Ross v. Finzer*, No. 25-CV-1179 (DEH) (VF), 2025 WL 2860070, at *2 (S.D.N.Y. Oct. 8, 2025) (quoting *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003)). At the first step, the Court "considers whether the parties entered

---

[1]    "[A] motion to compel arbitration and stay litigation pending arbitration is non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)." *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020), *objections overruled*, No. 10-CIV-6950-ATRWL, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021)

into a contractually valid arbitration agreement." *Id*. (quotation and alteration omitted). At the second step, "the court first asks[] whether a court or an arbitrator should decide if the dispute falls within the scope of the agreement to arbitrate." *Id*. (citation omitted). "The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the question of arbitrability, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotations omitted). If the arbitration agreement does clearly and unmistakably delegate the question of arbitrability to the arbitrator, "a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales*, Inc., 586 U.S. 63, 63 (2019).

Where a party seeks to compel arbitration of claims made pursuant to a federal statute, the Court also "must decide whether Congress intended [the] federal statutory claims asserted to be nonarbitrable." *Gilbert v. Dell Techs., Inc.*, 415 F. Supp. 3d 389, 400 (S.D.N.Y. 2019). "Arbitration agreements are invalid to the extent that they interfere with other federal laws when those laws have clearly expressed a congressional intent to prohibit arbitration." *Marino v. Aven Fin., Inc.*, No. 25-CV-00503-BAS-DEB, 2025 WL 2988369, at *4 (S.D. Cal. Oct. 23, 2025).

The Court's ability to assess Plaintiff's motion to compel arbitration in this matter has been somewhat hindered by the limited information presented by Plaintiff and the lack of response by Defendant. However, on the limited record presented, there does not appear to be any dispute that the parties entered into a valid

arbitration agreement. Neither Plaintiff nor Defendant disputes entering into the arbitration agreement, nor does either party dispute the accuracy of the copy of the arbitration agreement that has been presented to the Court by Plaintiff.

As to whether the present dispute falls within the scope of the arbitration agreement, the Court notes that the arbitration agreement provides:

> [F]or the avoidance of doubt, any dispute you have with us arising out of the Fair Credit Report Act ('FCRA') relating to the information contained in your consumer disclosure or report, including but not limited to claims for alleged inaccuracies, <u>shall not be</u> governed by this agreement to arbitrate.

(Dkt. 12 at 7) (emphasis added). On its face, then, the arbitration agreement does not seem to extend to the present dispute.

However, the arbitration agreement also provides that "[a]ll issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision[.]" (*Id.* at 8). Courts have held that this language "meet[s] the 'clear and unmistakable' threshold." *Solis v. Experian Info. Sols.*, Inc., 629 F. Supp. 3d 1016, 1019 (C.D. Cal. 2022) (further noting that "other courts have reached the same conclusion regarding Experian's Terms of Use"). Accordingly, no matter how groundless the Court may find the argument that the present dispute falls within the scope of the arbitration agreement, that question has been reserved to the arbitrator.

Because Plaintiff asserts rights under a federal statute—the FCRA—the Court must also consider whether Congress intended such claims to be nonarbitrable. Courts within this Circuit have regularly concluded that claims under the FCRA are arbitrable. *See, e.g., Ostreicher v. TransUnion, LLC,* No. 19-CV-8174 (KMK), 2020

WL 3414633, at *9 (S.D.N.Y. June 22, 2020) (collecting cases). Accordingly, the Court will not deny Plaintiff's motion on this basis.

For these reasons, Plaintiff's motion to compel arbitration (Dkt. 12) is granted. The Court further finds that this matter should be stayed pending arbitration. Section 3 of the FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

Here, Plaintiff did not expressly move for a stay pending arbitration. To the contrary, her motion to compel arbitration asks the Court to "[r]emove this case from the United States District Court for the Western District of New York[.]" (Dkt. 12 at 2). However, Plaintiff's subsequent filings make clear that she does not consent to the dismissal of this action. (*See* Dkt. 16 at 1). In light of Plaintiff's *pro se* status, the Court interprets her filings as seeking to stay this matter pending the outcome of the arbitration proceedings, and grants that request.

## II.    <u>Plaintiff's Request for Summary Judgment</u>

As noted above, Plaintiff included in her October 24, 2025 notice a cursory request for summary judgment. (Dkt. 16 at 1). The Court does not construe this cursory request as a motion for summary judgment, because it fails to articulate a legal or factual basis on which summary judgment could be granted and does not comply with the requirements for seeking such relief. In particular, Federal Rule of Civil Procedure 56(c) sets forth specific procedures with which a party seeking summary judgment must comply. Similarly, Local Rule of Civil Procedure 56 requires particular filings to be made in connection with a motion for summary judgment. Moreover, Plaintiff did not file a notice of motion as required by Local Rule of Civil Procedure 7(a)(1) or a memorandum of law as required by Local Rule of Civil Procedure 7(a)(2). Plaintiff is advised that if she wishes to file a motion for summary judgment after the stay in this matter is lifted, she must do so in compliance with the Federal and Local Rules of Civil Procedure.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion to compel arbitration (Dkt. 12) is granted, and this matter is stayed pending completion of arbitration. Within 30 days of entry of this Decision and Order, the parties shall advise the Court in writing of the status of American Arbitration Association Case Number 01-25-0005-0541.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         February 5, 2026